UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

KEVIN MATTHEW GRIFFIN,
*Petitioner-Appellant,*

v.

RONALD ANGELONE,
*Respondent-Appellee.*

No. 00-6102

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-99-337-AM)

Submitted: October 26, 2000

Decided: November 17, 2000

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

---

Dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Kevin Matthew Griffin, Appellant Pro Se. Donald Eldridge Jeffrey, III, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Kevin M. Griffin, a Virginia inmate, appeals the district court's order denying his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2000), in which he challenged his conviction for malicious wounding of a police officer. We have reviewed the record, the district court's opinion, and Griffin's informal brief filed in this court. Griffin does not argue on appeal that the district court erred with regard to two of his claims: (1) that the trial court erred by not instructing the jury that parole had been abolished; and (2) that counsel was ineffective for failing to object to the prosecutor's statements in closing argument it was undisputed Griffin fired a gun at the officer and that Griffin was angry. Because Griffin did not raise these issues in his informal appellate brief, he has not preserved them for our review. *See* 4th Cir. R. 34(b). We therefore deny a certificate of appealability in part and dismiss this portion of the appeal.

With regard to Griffin's remaining claims, we note that the district court construed Griffin's challenge to the jury instructions and closing arguments as independent claims rather than as claims raised under the rubric of ineffective assistance of counsel. Because the record on appeal does not contain the relevant portions of the state court record, we are unable to review these claims or the district court's disposition of Griffin's claims that counsel provided ineffective assistance by failing to obtain the victim officer's medical records, to subpoena an expert witness, and to move to strike the evidence on the ground that the evidence was insufficient. *See* 28 U.S.C.A. § 2254(f) (providing that if petitioner is unable to produce the record due to indigency or other reason, "the State shall produce such part of the record and the Federal court shall direct the State to do so"); Rule 3, Rules Governing Section 2254 Cases (requiring respondent to attach to answer relevant transcripts of pretrial, trial, post-trial, and post-conviction proceedings and decisions from appellate and post-conviction courts).

Accordingly, we grant a certificate of appealability in part, vacate the remaining portion of the district court's order, and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately pre-

sented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART, VACATED IN PART, AND REMANDED*